**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2474

_____

UNITED STATES OF AMERICA

v.

MOHAMED A. AWAD,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:23-cr-00946-001)
District Judge: Hon. Michael A. Shipp

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 10, 2025

Before: HARDIMAN, PORTER, and SMITH, *Circuit Judges*

(Filed: April 15, 2025)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PORTER, *Circuit Judge*.

Mohamed Awad fraudulently obtained loans that the government made available to small businesses through the Coronavirus Aid, Relief, and Economic Security Act. Awad received $2,410,140 based on numerous falsified applications, transferred the money to his own accounts, including to some abroad, and withdrew significant amounts of cash. Awad pleaded guilty to wire fraud and money laundering in accordance with a plea agreement. The District Court sentenced Awad to 36 months' imprisonment with three years' supervised release and ordered restitution.

Awad appealed. His counsel motioned to withdraw and submitted a brief in support pursuant to *Anders v. California*, 386 U.S. 738 (1967). Awad did not file a pro se brief. The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

When counsel seeks to withdraw under *Anders*, we ask two questions: "(1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2's] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Complying with Local Appellate Rule 109.2 requires counsel "(1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)).

Counsel's *Anders* brief does both. It correctly notes that because Awad's case was resolved by plea agreement, the only bases for appeal are the validity of the guilty plea

and the legality of the sentence. With respect to Awad's guilty plea, counsel demonstrates, with appropriate citations to the transcript of Awad's plea hearing, that Awad's plea comported with the dictates of Federal Rule of Criminal Procedure 11 and the Constitution. As for Awad's sentence, counsel demonstrates, again with appropriate citations to the transcript of Awad's sentencing, that the District Court complied with the requirements of Federal Rule of Criminal Procedure 32, imposed a sentence below the statutory maximum, and followed the three-step process for sentencing articulated in *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). Counsel also explains that because the District Court imposed a sentence of less than 51 months' imprisonment, the appellate waiver in Awad's plea agreement bars challenge to his sentence, which was below the Guidelines range. Counsel's brief accordingly reflects a comprehensive and conscientious examination of the record, and it sufficiently explains why this case presents no non-frivolous issues. Our independent review of the record confirms that contention.

We will grant counsel's motion to withdraw and affirm the District Court's judgment.